Kaye, J.
(dissenting). I disagree with the majority’s conclusion that interposition of a general denial insulated these defendants (a general contractor and its surety) from the effects of a preclusion order. In my view, the trial court and Appellate Division correctly awarded plaintiff subcontractor summary judgment for the balance due on its contract, which it has been litigating to collect for nearly five years.*
The majority’s conclusion rests on an erroneous factual premise. Plaintiffs request for a bill of particulars was not addressed merely to defendants’ counterclaims, as the majority persistently misportrays throughout its writing (majority opn, at 334, 335, 337). Instead, plaintiffs request was directed to specific paragraphs of the answer which defendant itself had denominated "counterclaim and defense” (emphasis supplied).
No one disputes that a party need particularize only matters as to which it has the burden of proof (see, 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3041.10). This includes a defendant’s "counterclaims, cross-claims, and defenses in the answer.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3041:6, at 482). Defendants, of course, had the opportunity to frame their own pleading, assuming a risk that the burden of proof might be shifted as to matters they chose — for whatever strategic advantage they perceived —to designate as defenses (see, Siegel, Practice Commentaries, McKinney’s Cons Law of NY, Book 7B, CPLR C3018:16, at 157).
This case comes down to a few simple points.
First, whatever historically interesting matters may have been true of bills of particulars (see, majority opn, at 335-336), they are today an integral part of the CPLR, and they continue to serve what the Legislature obviously believes are important purposes. The CPLR specifies when and how a request for particulars should be made, amended and answered; when and how a request should be vacated and modified; and what sanctions are available for failure to comply with a request (CPLR 3042). In this very case, defendants requested — and plaintiff furnished — an extensive bill of particulars, including schedules of payments, names of witnesses and other exhibits.
*339 Second, plaintiff complied with the CPLR when it sought particulars as to defendants’ two counterclaims and defenses. Defendants, by contrast, ignored the CPLR; they in fact ignored all of plaintiff’s discovery requests. While now complaining that the burden of proof was "unfairly” shifted to them, defendants had ample remedies to redress that complaint. Within 10 days, defendants could have moved to vacate or modify what they contend was an improper request for a bill of particulars (CPLR 3042 [a]). Such a motion would have enabled the court, in an orderly fashion, to hear both sides and determine the propriety of plaintiff’s request. Defendants also could have amended their answer to correct any mislabeling of their defenses (CPLR 3025 [a], [b]).
Where a defendant fails to furnish a requested bill of particulars with respect to a defense, it may be precluded from introducing evidence relevant to that defense (see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3042:5, at 530).
When defendant ignored plaintiff’s request for particulars, plaintiff sought a preclusion order. When defendant ignored the motion for preclusion, the court — more than one year after plaintiff’s request had been made — granted a conditional preclusion order. When defendant ignored the court’s preclusion order for five months, plaintiff sought summary judgment, fully documenting its entitlement to relief. Only at that point did defendant claim the protection of its general denial, asserting that the request sought information as to which it did not have the burden of proof.
Third, defendants’ calculated indifference to the CPLR— involving plaintiff and the court in costly, time-consuming motion practice — should not be rewarded by now reversing summary judgment. That is an improper result in this case, and a very poor example for other cases. Plaintiff should have the balance due on its contract rather than defendants’ renewed foot-dragging, discovery runarounds, and litigation in the trial court — as well as a bill of costs from us.
Judges Simons, Alexander, Hancock, Jr., and Bellacosa concur with Chief Judge Wachtler; Judge Kaye dissents and votes to affirm in a separate opinion in which Judge Titone concurs.
Order reversed, etc.

 After one full year of litigation, defendants conceded a portion of the claim, and allowed partial summary judgment to be entered against them.